Derek J. Ashton, OSB 871552
dashton@sussmanshank.com
Jason P. Evans, OSB 193573
jevans@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
        *Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GURJIT S. DOAD and SARABJIT DOAD, husband and wife and their marital community, | Case No. 3:21−cv−00645−JR |
| Plaintiffs, | |
| v. | |
| C.R. ENGLAND, INC., a foreign corporation; LEROY TILLMAN, JR. and JANE DOE TILLMAN, husband and wife and their marital community' and DOES 1-X, | **DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER** |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

**CERTIFICATION**

Pursuant to LR 7-1(a), counsel for Defendants certify that the parties made a good faith effort via telephone conference on November 11, 2022, to resolve the following dispute and have been unable to do so.

**Page 1 - DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER**

## MOTION

Pursuant to FRCP 45, Defendants C.R. England, Inc. and Leroy Tillman, Jr. (collectively, "Defendants") respectfully request that this Court issue an order quashing Plaintiffs' trial subpoena to Defendants' potential witness, economics expert, R. Lee Foster.  This motion is supported by the Court's own record, the Declaration of Derek Ashton, and the Points and Authorities below.

## POINTS AND AUTHORITIES

### A.    Background

Defendants bring this Motion to Quash because Plaintiffs have served a trial subpoena on Defendants retained economist, R. Lee Foster, and intend to present testimony from Mr. Foster in Plaintiffs' case-in-chief.  Plaintiffs are doing this in an attempt to cure their failure to disclose an economist pursuant to this Court's Order.

On June 17, 2022, the date set for Simultaneous Exchange of Expert Disclosures, however, Plaintiffs did not disclose an economist while Defendants did. Declaration of Derek Ashton in Support of Defendants' Motion to Quash Plaintiffs' Trial Subpoena to Lee Foster ("Decl. Ashton"), ¶ 2 and ¶ 3; Exhibit 1, *Plaintiffs' Expert Witness Disclosure* and Exhibit 2, *Defendants' Expert Disclosures*.  Thereafter, on June 27, 2022, the date set for Supplemental Expert Disclosures, Plaintiffs disclosed an economic loss expert, Eric Knowles, and subsequently produced his report.  *See id.*, ¶ 4; Exhibit 3, *Plaintiffs' Supplemental Expert Witness Disclosure*, at 6 (supplemented expert information provided in bold type).  Mr. Knowles' report, on its face, makes clear that he is a rebuttal witness:

Dear Mr. Mallove:

*You have requested a rebuttal report* regarding the opinions of earnings capacity loss for Mr. Gurjit Doad alleged by defense expert Lee Foster, CPA, in his report authored on June 17, 2022.

**Page 2 - DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER**

*Id.*, ¶ 5; Exhibit 4, *Knowles Report, dated June 27, 2022* ("*Knowles Report*"), at 1 (emphasis added).

Then, on October 24, 2022, pursuant to this Court's *Jury Trial Management Order* (ECF No. 42), the parties submitted their Witness Lists and Witness Statements.  Plaintiffs did not list Mr. Foster among their potential witnesses nor did they provide any witness statement for him. *See generally*, *Plaintiffs' Witness List* (ECF No. 48); *Plaintiffs' Witness Statements*, at 1-6 (ECF No. 49).  They did, however, list *their* new-found economics expert, Mr. Knowles, without indicating that he was, as noted, a rebuttal witness.  And in their Witness Statement they said that Mr. Knowles would "testify consistent with his attached written report dated June 27, 2022, regarding the past and future income loss sustained by plaintiff Gurjit Doad as a result of the subject collision," and that he was "also expected to testify in rebuttal to testimony offered by defendant's economic expert, Lee Foster, CPA."  *Plaintiffs' Witness Statements*, at 6 (ECF No. 49).

In their Motions *in Limine*, filed on October 31, 2022, Defendants seek to limit Mr. Knowles to rebuttal testimony only, because he was not disclosed by the date set for Simultaneous Exchange of Expert Disclosures and, in any event, because his report says he was retained by Plaintiffs to rebut "the opinions of earnings capacity loss for Mr. Gurjit Doad alleged by defense expert Lee Foster[.]" Decl. Ashton, ¶ 5; Exhibit 4, *Knowles Report*, at 1; *see also Defendants' Motions in Limine*, at 9-12 (ECF No. 62).  In response, Plaintiffs acknowledged their failure to disclose Mr. Knowles and his proposed testimony in their initial expert disclosure, but ask the court to blink that problem away and let Mr. Knowles testify anyway.  *Plaintiffs' Memorandum RE Defendants' Motions in Limine*, at 7 (ECF No. 66).  The response also informed Defendants that Plaintiffs' counsel had issued (or was preparing to issue) a trial subpoena to Defendants' expert, Lee Foster, in order to secure his attendance at trial for purposes

**Page 3 - DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER**

of testifying for them in in their case-in-chief.  For the reasons that follow, Plaintiffs' trial subpoena to Mr. Foster must be quashed.

**B.**    **Plaintiffs' subpoena must be quashed because it is merely an attempt to circumvent requirements of the federal discovery process**

"'[T]rial subpoenas are not intended as a backdoor for discovery that could have been obtained before trial.'"  *Prewitt v. Mississippi State University*, 2012 WL 13005949, *1 (E.D. Miss. Aug. 10, 2012) (quoting *IQ Prods. Co. v. Onyx Corp.*, 48 Fed.Appx. 107, *4 (5th Cir. Aug. 23, 2002)) (additional citation omitted).  If a trial subpoena has "circumvented the discovery process," the Court operates well within its discretion in quashing it.  *See Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 Fed.Appx. 622, 629-30 (11th Cir. 2019) (affirming district court's quashal of trial subpoena and award of attorney fees to defending party where the subpoena at issue subjected its target to undue burden and expense, thereby "violat[ing] Rule 45 and circumvent[ing] the discovery process").

Here, Plaintiffs' trial subpoena is a clear attempt to circumvent the discovery process and obtain expert testimony (discovery) in their case-in-chief that could easily have been obtained before trial.  Indeed, the expert testimony Plaintiffs seek to present in their case-in-chief by way of Defendants' economic expert is the same sort of evidence (economics, wage loss, etc.) that Plaintiffs' economics expert, Eric Knowles, could have presented had he been timely retained to do so *and properly disclosed as ordered*.

**1.**    **Plaintiffs' attempt to circumvent the discovery process and privileges**

Plaintiffs' trial subpoena to Mr. Foster is an attempt to circumvent the limitations on expert discovery in federal court and should therefore be quashed.  Rule 26(b)(4) "remains a limitation on the right of access by an opposing party to the evidence of experts *who have been retained to testify in the case*, and that the discovery of the facts and opinions of those experts cannot [be] obtain[ed] solely under Rule 45 where, as here, a bare subpoena duces tecum has

**Page 4 - DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER**

issued for the experts' files." *Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D. Va. Feb. 27, 1992) (emphasis added).  Advisory committee notes to Rule 45 explain that FRCP 45(c)(3)(B)(ii) "provides appropriate protection for the intellectual property of the non-party witness [and] does not apply to *the expert retained by a party, whose information is subject to the provisions of Rule 26(b)(4)*."  Rule 45, 1991 Amendment, Subsection (c) advisory committee notes (emphasis added).

> As indicated, Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party. None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas *duces tecum*. Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena *duces tecum* to compel the production of the evidence of experts retained by a party to testify at trial.

*Marsh*, 141 F.R.D. at 433.

The "brake" effect Rule 26 has upon the use of Rule 45 subpoenas finds ample support in prior case law.  *See, e.g.*, *Spencer v. Greenwald*, 2022 WL 2180052, *3 (D. Idaho Jun. 15, 2022) (reiterating that "'Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case ... the discovery of the facts and opinions of those experts cannot obtain solely under Rule 45.'" (quoting *Marsh*, 141 F.R.D. at 431)); *see also, Winchester Surplus Lines Insurance Company v. Interstate Underground Warehouse & Storage, Inc.*, 2017 WL 2313288, at *2 (W.D. Mo. May 18, 2017) ("Rules 26 and 30 operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial." (citing *Marsh*, 141 F.R.D. at 433));

Though Plaintiffs' subpoena at issue here is for trial testimony as opposed to the pretrial production of documents, the same principles apply because ultimately, it is information and evidence (testimony) that Plaintiffs could have obtained well prior to today's date, and indeed *should have* obtained—as evidenced by their late retention—of an economics (rebuttal) expert of

**Page 5 - DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER**

their own.  Thus, Plaintiffs' subpoena, if permitted to stand, would not only circumvent the federal discovery process, it would obviate it.

Finally, to permit Plaintiffs to call a defense expert for direct examination in their case-in-chief would substantially undermine—if not completely dissolve—principles of privilege and doctrinal protections afforded even to retained, testifying experts.  For example, under FRCP 26(b)(4)(C), an expert's trial-preparation communications with the retaining party's attorney are strictly protected "regardless of the form of the communications" unless the communications fall into three narrow categories, all of which relate to the expert's opinions and compensation. Placing Mr. Foster on the stand for *direct* examination *by Plaintiffs*, not cross-examination by them, will surely risk disclosure of privileged information.

### 2.    Plaintiffs' misuse of trial subpoena

Plaintiffs' trial subpoena is not aimed at ensuring the attendance of their economic expert (Mr. Knowles) at trial, or even ensuring that Defendants' expert (Mr. Foster) will remain at trial for cross-examination in the event he is called by Defendants.  Rather, it is aimed at presenting expert testimony in their case-in-chief in the event they are prevented from presenting any because of the failure to disclose their own expert on time.

In this case, the parties could—and indeed did—retain an economic expert of their choosing and in whatever manner they felt was best-suited to the needs of their case and ultimately, their trial strategy.  Plaintiffs were free to depose Mr. Foster.  They did not. Instead, they hired an economic expert of their own, but only to rebut Mr. Foster's opinions and conclusions.  The only difference between the two economic experts is that one—Lee Foster— *was* timely and properly retained and disclosed to testify in Defendants' case-in-chief, while the other—Eric Knowles—was retained specifically to rebut Mr. Foster's conclusions and was *not* timely or properly retained and disclosed to testify in Plaintiffs' case-in-chief.

Where a party has failed to timely designate an expert witness in accordance with a

**Page 6 - DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER**

Court's pretrial order, it is proper to exclude those experts—in line with the relief Defendants seek in their fourth and fifth motions *in limine*.  *See Geiserman v. MacDonald*, 893 F.2d 787, 790-92 (5th Cir. 1990) (upholding decision to exclude expert witnesses based on party's failure to designate experts until two weeks after the expiration of the discovery deadline because explanations for delay were "weak, at best").  Plaintiffs, apparently now aware of their error, and in an attempt to remedy their mistake, seek to call a defense expert in their case-in-chief.

Put simply, Plaintiffs are attempting to leverage a trial subpoena not to gain testimony and information that they could not otherwise have obtained since this action was commenced over eighteen months ago in April 2021, but rather, to remedy their chosen trial strategy.  That is not the purpose of a trial subpoena, and this Court should not allow it.  Defendants' motion to quash must be granted.

**C.     Plaintiffs' trial subpoena should be quashed because it is merely an avenue to obtain relief from a situation caused by carelessness**

Here, Plaintiffs had ample opportunity to hire an economic expert ahead of the June 17, 2022 simultaneous disclosure deadline.  The instant matter was commenced in Multnomah County State Court in April 2021 and was removed shortly thereafter, on or around April 28, 2021.  So, as of May 2021—almost one full year before expert disclosures and reports were exchanged, Plaintiffs knew they would be required to disclose their retained, testifying experts on a date certain.  They failed to do so, and even their own expert's reporting makes his role perfectly clear:

> *You have requested a rebuttal report* regarding the opinions of earnings capacity loss for Mr. Gurjit Doad alleged by defense expert Lee Foster, CPA, in his report authored on June 17, 2022.

Decl. Ashton, ¶ 5; Exhibit 4, *Knowles Report*, at 1 (emphasis added).  The remainder of Mr. Knowles' report is comprised of two bullet pointed sections, each of which directly addresses and rebuts conclusions and opinions reached by Mr. Foster.  *See generally*, *id*.

**Page 7 - DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER**

We must assume Plaintiffs failure to disclose an economist was their chosen trial strategy.  However, whether it was or not, there is no question that due diligence and simple planning could easily have avoided the present scenario by timely retaining and properly disclosing Mr. Knowles so that he could testify in their case-in-chief, as opposed to attempting to compel by subpoena the testimony of Defendants' retained expert.  In the context of failure to comply with the dates provided in a Court's pretrial order, "[i]f a party was not diligent, the inquiry should end."  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Geiserman*, 893 F.2d at 790-92 (5th Cir. 1990) (upholding decision to exclude expert witnesses based on party's failure to designate experts until two weeks after the expiration of the discovery deadline).  This Court should not now allow Plaintiffs reverse their chosen trial strategy or to correct an inexcusable error—an error which they have had more than four months to seek leave to correct—by permitting them to simply circumvent this Court's pretrial disclosure deadlines by way of a trial subpoena served on a timely retained and properly disclosed defense expert.

## CONCLUSION

For the reasons briefed above, Defendants respectfully request that this Court grant the present motion and issue an order quashing Plaintiffs' trial subpoena to R. Lee Foster.


DATED this 15th day of November, 2022.

SUSSMAN SHANK LLP


By  */s/ Derek J. Ashton*
Derek J. Ashton, OSB 871552
dashton@sussmanshank.com
Jason P. Evans, OSB No. 193573
jevans@sussmanshank.com
*Attorneys for Defendants*


**Page 8 - DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA TO R. LEE FOSTER**